UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAUDILIO RAYMUNDO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| DEARBORN LIQUOR STORE, INC., | ) |
| FRANCISCO CAMILO, and | ) |
| VIVIAN CACERES, | ) |
| | ) |
| Defendants. | ) |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C.§§1441 and 1446, the Defendants hereby give notice of removal of the within action from the Massachusetts Suffolk Superior Court to the United States District Court of the District of Massachusetts.

The Defendants state as follows in support hereof:

1. The Defendants are all of the original Defendants named in the civil action filed in the Superior Court for Suffolk County of the Commonwealth of Massachusetts, Civil Action No. 2013-CV-02411.

2. This Notice of Removal is filed within the time allowed for removal of civil actions pursuant to 28 U.S.C.§1446(b)(1).

3. A copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Massachusetts Suffolk Superior Court and contemporaneously served upon counsel for the Plaintiff as required by 28 U.S.C.§1446(d).

4. The pleadings attached hereto as Exhibit A constitute all of the pleadings received by the Defendants as required by 28 U.S.C. §1446(a), consisting of (i) the Complaint and (ii) the Civil Action Cover Sheet.

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. The Complaint filed in the Massachusetts Suffolk Superior Court alleges in Count IV a claim under the Fair Labor Standards Act. This action is, therefore, removable pursuant to 28 U.S.C. §1441(c).

> DEARBORN LIQUOR STORE, INC.,
> FRANCISCO CAMILO, and
> VIVIAN CACERES,
>
> By their attorney,
>
> /s/ Mark C. O'Connor
> Mark C. O'Connor   BBO #377118
> Rich, May, P.C.
> 176 Federal Street
> Boston, MA 02110
> 617-556-3862
> moconnor@richmaylaw.com

Date: September 3, 2013

# EXHIBIT A

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) Baudilio Raymundo | OF | DEFENDANT(S) Dearborn Liquor Store, Inc. et al. |

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| Alan Meyerson (BBO #682515)<br>77 Franklin Street, 3rd Floor<br>Boston, MA 02110<br>(617) 542-5000 | Mark C. O'Connor (BBO #377118)<br>176 Federal Street, 6th Floor<br>Boston MA 02110<br>617-556-3862 |

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK            IS THIS A JURY CASE?

A99 Other (specify ) - Fast Track                         ⦿ ] Yes   ○ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                          $_____
   2. Total doctor expenses                            $_____
   3. Total chiropractic expenses                      $_____
   4. Total physical therapy expenses                  $_____
   5. Total other expenses (describe)                  $_____
                                        Subtotal       $_____
B. Documented lost wages and compensation to date     $_____
C. Documented property damages to date                $_____
D. Reasonably anticipated future medical expenses     $_____
E. Reasonably anticipated lost wages and compensation to date  $_____
F. Other documented items of damages (describe)       $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                        Total $_____

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Wage & Hour

                                        TOTAL    $ 39,000+

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: July 2, 2013

A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT
                                                CIVIL ACTION NO.

---

BAUDILIO RAYMUNDO        )
    Plaintiff,           )
                         )
v.                       )
                         )
DEARBORN LIQUOR STORE, INC., )
FRANCISCO CAMILO,        )
VIVIAN CACERES,          )
                         )
    Defendants.          )

---

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Baudilio Raymundo ("Mr. Raymundo") is a natural person, residing in New Jersey.

2. The Defendant, Dearborn Liquor Store, Inc. ("Dearborn" or the "Corporation") is a Massachusetts for-profit corporation with its principal place of business at 60 Dearborn Street, Roxbury, Suffolk County, Massachusetts. Defendant Dearborn operates a package store under the same name at this location.

3. On information and belief, the Defendant, Francisco Camilo ("Camilo") is a natural person residing at 34 Preston Street, Dedham, Norfolk County, Massachusetts.

4. On information and belief, the Defendant, Vivian Caceres ("Caceres") is a natural person residing at 34 Preston Street, Dedham, Norfolk County, Massachusetts.

5. On information and belief, Camilo and Caceres are Husband and Wife.

6. On information and belief, Camilo and Caceres are officers of Dearborn with managerial control over the Corporation (the three defendants collectively referred to as the "Defendants").

7. Throughout the course of his employment, Mr. Raymundo was an employee of each of the Defendants within the meaning of the Massachusetts Wage Act, G.L. c. 149 §§ 148-150 (the "Wage Act") and the Massachusetts Independent Contractor Statute, G.L. c. 149 § 148B (the "Independent Contractor Statute").

8. Throughout the course of his employment, Mr. Raymundo was an employee of each of the Defendants within the meaning of Section 3(e) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).

9. Throughout the course of his employment, Mr. Raymundo was not exempt from the overtime wage provisions of the Massachusetts Overtime statute, G.L. c. 151 §§ 1 and 1A.

10. Throughout the course of his employment, Mr. Raymundo was not exempt from the overtime wage provisions of the FLSA, 20 U.S.C. §§ 207(a) *et seq*.

Facts

11. Mr. Raymundo was hired in or around October 2008 by the Defendants to work as a clerk at the Defendants' package store located at 60 Dearborn Street, Roxbury, Suffolk County, Massachusetts (the "Liquor Store").

12. Mr. Raymundo worked for the Defendants at the Liquor Store from in or around October 2009 to in or around October 2012.

13. During this time period, Mr. Raymundo regularly worked ninety (90) hours during each workweek for the Defendants.

14. Mr. Raymundo was a non-exempt employee of the Defendants, in that he performed services for the Defendants, as their employee, that did not fall within any recognized exemption to Massachusetts or federal overtime law.

15. The services Mr. Raymundo performed for the Defendants primarily involved retail customer service, including, but not limited to:

    a. assisting customers of the Liquor Store with locating merchandise they wished to purchase and accepting payment for merchandise that customers wished to purchase;
    b. Stocking shelves with merchandise; and
    c. Performing routine maintenance work such as cleaning, changing light bulbs and trash removal.

16. The services of a liquor store clerk are generally not exempt from the overtime provisions of either Massachusetts or federal overtime law.

17. Accordingly, the Defendants were obligated to pay Mr. Raymundo in accordance with applicable Massachusetts and federal Wage and Hour laws relating to minimum wages and overtime.

18. Mr. Raymundo was never paid overtime wages for the overtime hours he worked each workweek.

19. Mr. Raymundo was not paid at least the minimum wage for each hour he worked each workweek.

20. Mr. Raymundo's wages were paid as a regular, lump sum regardless of the number of hours worked. The lump sum payment, when divided by the number of hours actually worked by Mr. Raymundo, resulted in an hourly wage rate that was less than the rate for minimum fair wages set by applicable law.

21. The hourly wage rate the Defendants paid to Mr. Raymundo constituted an oppressive and unreasonable wage as defined by G.L. c. 151 §§ 1 and 2.

22. The Defendants failed to maintain proper payroll records of the weekly wages paid to Mr. Raymundo, as required by applicable law.

23. On or about May 14, 2013, Mr. Raymundo, through counsel, sent the Defendants a letter demanding compensation for Mr. Raymundo for the Defendants' multiple, repeated and willful violations of Mr. Raymundo's rights under Massachusetts and federal Wage and Hour law.

24. On or about May 29, 2013, the Defendants, through counsel, tendered a partial payment of wages to Mr. Raymundo, purporting to compensate Mr. Raymundo in full for the wages he is owed.

25. The Defendants' tender of partial wages did not compensate Mr. Raymundo in full for the wages he is owed, in that, *inter alia*, the tender of partial wages:

    a. failed to compensate Mr. Raymundo for all hours he worked over the course of his employment;
    b. failed to compensate Mr. Raymundo for all wages he earned from the outset of his employment; and
    c. failed to include any interest payment on the partial wages tendered, despite the fact that the tender of partial wages occurred long after the wages were earned.

26. The Defendants continue to owe Mr. Raymundo wages but have failed to pay same.

27. Under the Wage Act and the FLSA, Defendant Francisco Camilo may be held individually liable for the Company's failure to pay Mr. Raymundo his correct and/or full wages.

28. Under the Wage Act and the FLSA, Defendant Vivian Caceres may be held individually liable for the Company's failure to pay Mr. Raymundo his correct and/or full wages.

29. Mr. Raymundo has exhausted his administrative remedies with the Office of the Attorney General.

## CAUSES OF ACTION
(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

### COUNT I – VIOLATION OF G.L. c. 151, §§ 1 and 2
### FAILURE TO PAY MINIMUM WAGES

30. The Plaintiff hereby incorporates all allegations in paragraphs 1-29 with the same force and effect as if set forth herein.

31. This is a cause of action by the Plaintiff for failure to pay minimum fair wages.

32. As more particularly set forth above, the Defendants failed to pay the Plaintiff minimum fair wages as required by G.L. c. 151 §§ 1 and 2.

33. As a result of the Defendants' failures to pay minimum fair wages, the Plaintiff has suffered damages.

### COUNT II – VIOLATION OF M.G.L. c. 149, §§ 148 – 150
### FAILURE TO TIMELY PAY DUE AND PAYABLE WAGES

34. The Plaintiff hereby incorporates all allegations in paragraphs 1-33 with the same force and effect as if set forth herein.

35. This is a cause of action by the Plaintiff for failure to timely pay due and payable wages.

36. As more particularly set forth above, the Defendants failed to timely pay the Plaintiff all wages that are due and payable to him.

37. As the Plaintiff's employers, the Defendants were legally obligated to timely pay the Plaintiff fair wages as a matter of law.

38. The Defendants' failures to timely pay the Plaintiff fair wages were repeated, knowing and willful.

39. As a result of the Defendants' failures to timely pay fair wages, the Plaintiff has suffered damages.

### COUNT III – VIOLATION OF MGL C. 151 §§ 1 and 1A.
### FAILURE TO PAY OVERTIME WAGES

40. The Plaintiff hereby incorporates all allegations in paragraphs 1-39 with the same force and effect as if set forth herein.

41. This is a cause of action by the Plaintiff for failure to pay overtime wages.

42. As more particularly set forth above, the Defendants directed Plaintiff to work in excess of forty (40) hours in individual workweeks and Plaintiff did regularly work in excess of forty (40) hours in individual workweeks.

43. As more particularly set forth above, the Defendants were legally obligated, as a matter of law pursuant to G.L. c. 151 §§ 1 and 1A, to pay the Plaintiff overtime wages for all hours in excess of forty (40) that the Plaintiff worked in individual workweeks.

44. As more particularly set forth above, the Defendants failed to pay the Plaintiff overtime wages for the hours in excess of forty (40) that the Plaintiff worked in individual workweeks, thereby violating the provisions of the Massachusetts Overtime statute.

45. The Defendants' failures to pay the Plaintiff overtime wages were repeated, knowing and willful.

46. As a result of the Defendants' failures to pay overtime wages, the Plaintiff has suffered damages.

## COUNT IV – VIOLATION OF 29 U.S.C. §§ 207(a) *et seq.* FAILURE TO PAY OVERTIME WAGES

47. The Plaintiff hereby incorporates all allegations in paragraphs 1-46 with the same force and effect as if set forth herein.

48. This is a cause of action by the Plaintiff for failure to pay overtime wages.

49. As more particularly set forth above, the Defendants directed Plaintiff to work in excess of forty (40) hours in individual workweeks and Plaintiff did regularly work in excess of forty (40) hours in individual workweeks.

50. As more particularly set forth above, the Defendants were legally obligated, as a matter of law pursuant to 29 U.S.C. §§ 207(a) *et seq.*, to pay the Plaintiff overtime wages for all hours in excess of forty (40) that the Plaintiff worked in individual workweeks.

51. As more particularly set forth above, the Defendants failed to pay the Plaintiff overtime wages for the hours in excess of forty (40) that the Plaintiff worked in individual workweeks, thereby violating the overtime provisions of the FLSA.

52. The Defendants' failures to pay the Plaintiff overtime wages were repeated, knowing and willful.

53. As a result of the Defendants' failures to pay overtime wages, the Plaintiff has suffered damages.

### COUNT V – VIOLATION OF G.L. C. 149 § 148B
### VIOLATION OF THE MASSACHUSETTS INDEPENDENT CONTRACTOR STATUTE

54. The Plaintiff hereby incorporates all allegations in paragraphs 1-53 with the same force and effect as if set forth herein.

55. This is a cause of action for violation of the Independent Contractor Statute.

56. The Plaintiff was not free from the Defendants' direction and control in performing his services for the Defendants as a clerk at the Liquor Store, nor did the Plaintiff perform his services for the Defendants with independence and autonomy.

57. The Plaintiff did not perform services for the Defendants that were outside the primary business activities of Defendant Dearborn. The services of a liquor store clerk were within the primary business activities of Defendant Dearborn.

58. The Plaintiff did not engage in an independently established trade, occupation, profession or business that provided services of the sake kind or nature as the services he provided for the Defendants as a liquor store clerk.

59. Despite being an employee of the Defendants as a matter of law pursuant to the Independent Contractor Statute, the Defendants failed to pay the Plaintiff as an employee.

60. As a result of the Defendants' failures to pay the Plaintiff as an employee, the Plaintiff has suffered damages.

## COUNT VI – *QUANTUM MERUIT*

61. The Plaintiff hereby incorporates all allegations in paragraphs 1-60 with the same force and effect as if set forth herein.

62. This is a cause of action by the Plaintiff for *quantum meruit*.

63. As more particularly set forth above, the Defendants paid the Plaintiff an oppressive and unreasonable wage, in that the hourly rate of wages paid to the Plaintiff was less than the minimum fair wage set by applicable law.

64. By paying an oppressive and unreasonable wage for the Plaintiff's services as an employee, the Defendants were unjustly enriched.

65. As a result of the Defendants' unjust enrichment, the Plaintiff has suffered damages.

## COUNT VII – BREACH OF CONTRACT

66. The Plaintiff hereby incorporates all allegations in paragraphs 1-65 with the same force and effect as if set forth herein.

67. This is a cause of action by the Plaintiff for breach of contract.

68. A contract existed between the Plaintiff and the Defendants for the Plaintiff to perform services for the Defendants as their employee.

69. The Plaintiff substantially performed his obligations under the contract by performing services for the Defendants as their employee.

70. Pursuant to the terms of the contract, the Defendants were obligated to pay the Plaintiff wages in exchange for the services the Plaintiff performed for them.

71. Pursuant to applicable law, the Defendants were obligated to pay the Plaintiff wages in an amount no less than the minimum fair wage and any agreement between the Plaintiff and Defendants to pay the Plaintiff wages less than the minimum wage is unenforceable.

Page 8

72. Accordingly, the Defendants were contractually obligated to pay the Plaintiff wages at an hourly rate no less than the minimum wage rate set by applicable law.

73. As more particularly set forth above, the Defendants repeatedly breached the contract with the Plaintiff by failing to pay the Plaintiff wages at a rate no less than the minimum fair wage.

74. The Defendants breaches of contract were knowing and willful.

75. As a result of the Defendants' breaches of contract, the Plaintiff has suffered damages.

**WHEREFORE**, Mr. Raymundo prays that this Honorable Court grant the following relief:

A. Judgment against the Defendants;

B. Damages, including compensatory, punitive, liquidated, and trebled damages, to the Plaintiff, as authorized or mandated by applicable law, in an amount to be determined at trial;

C. Costs and any reasonable attorney's fees;

D. Pre-judgment and post-judgment interest;

E. Appropriate injunctive, declaratory and other equitable relief; and

F. Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: July 2, 2013

The Plaintiff,
Baudilio Raymundo,
By his Attorneys,

_____
Alan D. Meyerson (BBO #682515)
Cutler & Associates
77 Franklin Street, 3rd Floor
Boston, MA 02110
(617) 542-5000
ameyerson@cutler-law.com